NEVIN et ux, *Respondents,*
*v.*
SMITH et ux, *Appellants,*
MINOR, *Intervenor.*
(No. 7421, SC 25242)

584 P2d 251

Gerald R. Pullen, Portland, argued the cause and filed a brief for appellants.

Kenneth M. Abraham, Hood River, argued the cause and filed a brief for respondents.

Before Denecke, Chief Justice, and Holman, Howell, Lent and Linde, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiffs filed this suit to quiet title to a narrow strip of land approximately 17 feet wide between plaintiffs' and defendants' property in Hood River County. Defendants Smith are the record owners, and plaintiffs claim title by adverse possession.[1] The trial court entered a decree for plaintiffs and defendants Smith appeal. We affirm.

Defendants Smith and their predecessors, the Newtons and the Minors, are and were owners and occupiers of the property to the north of property owned by plaintiffs. Plaintiffs purchased their property in 1967 from Homer Gleghorn, who owned the property from 1958 to 1967. Gleghorn purchased from Victor Nichols, the owner from 1944 to 1958. From some time prior to 1944 the two properties were separated by a rock wall from 10 to 15 feet wide that ran easterly and westerly for the full length of the property except for the easterly 100 feet, which consisted of a wooden fence.

The accompanying drawing illustrates the general location of plaintiffs' and defendants' properties, the rock wall, and the surveyed line.

All the owners consistently treated the rock wall as the boundary until the Newtons, who owned the property on the north side of the wall from 1971 to 1974, had the property surveyed in 1972. The survey showed the rock wall to encroach approximately 17 feet on Newtons' land. As a result, the barn owned by plaintiffs extended four feet over onto defendants' property. Newton told Smith, his grantee, about the survey, and Smith tore out the rock wall.

■ To establish ownership by adverse possession it must be shown that the possession was actual, open,

---

[1] Defendants Smith are contract purchasers from defendants Newton. The intervenor, Mary Minor, was the grantor to Newton by a warranty deed.

[ 349 ]

METHODIST LANE

notorious, hostile, continuous and exclusive under a claim of right or color of title for a period of not less than 10 years. *Grimstad v. Dordan,* 256 Or 135, 471 P2d 778 (1970); *Reeves et al. v. Porta,* 173 Or 147, 144 P2d 493 (1944).

We believe that the evidence clearly establishes that plaintiffs and their predecessors have adversely occupied the disputed strip and therefore have acquired title.

There was evidence that the rock wall had been in place for over 30 years and that it was common practice in Hood River and Wasco Counties for rural residents to use rock walls on the boundaries of their properties. During the time that defendants' predecessors, the Minors, owned the property, they installed a wooden fence from the end of the rock wall to Methodist Lane. They deliberately placed the fence four feet north of the rock wall to be sure it would not encroach on the plaintiffs' property. Minor mowed the grass and planted flowers on both sides of the white fence. All during the 30-year period of his ownership he treated the wall as the boundary.

There was evidence that plaintiffs and their predecessors, starting from 1944, used the strip as part of their property for pasture for farm animals and that they planted a garden, picked lilac flowers from bushes growing in the wall, cut down some trees, and used a barn in the area for housing livestock. Plaintiff Wilbur Nevin testified that he harvested berries, cherries and apples from old trees growing in the area, and that his goats grazed on the blackberry bushes.

The defendants point to the testimony of Nichols, who owned plaintiffs' property from 1944 to 1958, that he did not intend to claim any property except that which he received in his deed and that if he had known the rock wall was not the boundary, he "supposed" he would have moved back to keep it "legal." However, he also testified that when he bought the property he believed he was purchasing all the property south of

the rock wall and assumed the wall was the boundary. The intent of Nichols is material only where it appears that he was aware of the possibility that he was intruding on the others' land. "The fact that the possessor would not have claimed the land as his own had he known that the land was not included in his deed is immaterial." *Norgard et al v. Busher et ux,* 220 Or 297, 349 P2d 490, 80 ALR2d 1161 (1960).

The clear weight of the evidence establishes that rock walls are commonly used as boundaries in rural areas, that all parties treated the rock wall as the boundary since 1944 until the time Newton purchased the property and conducted a survey in 1972, and that sufficient use was made of the disputed area to establish adverse possession long before plaintiffs filed this suit to quiet title. *See Grimstad v. Dordan, supra.*

Affirmed. Costs to plaintiffs.